IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER ALLEN COSE,

                       Petitioner,

    v.                                                          OPINION & ORDER

REED A. RICHARDSON,                                 15-cv-381-jdp

                       Respondent.

---

      Pro se petitioner Roger Allen Cose is a prisoner in the custody of the Wisconsin Department of Corrections currently housed at the Stanley Correctional Institution. Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1999 conviction in the Circuit Court for St. Croix County, Wisconsin. Petitioner has paid the $5 filing fee, and so the next step is for me to preliminarily review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." When screening a pro se litigant's petition, I must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

      After considering the petition and consulting publicly available case records, I conclude that the petition appears to be untimely and that petitioner has most likely procedurally defaulted the claim that he presents for habeas review. But I will give petitioner an opportunity to respond to this order and explain why I should not dismiss the petition.

ALLEGATIONS OF FACT

I draw the following facts from the petition and from publicly available case records.

On August 20, 1999, petitioner pleaded guilty to two counts of first-degree sexual assault of a child and two counts of child sexual exploitation. The Circuit Court for St. Croix County sentenced petitioner to 100 years on October 22, 1999. Petitioner did not appeal from the judgment of conviction. But it appears that between 2006 and 2008, petitioner did file several postconviction motions to modify his sentence.

Now petitioner seeks a writ of habeas corpus based on ineffective assistance of trial counsel. Petitioner alleges that trial counsel failed to file a notice of intent to pursue postconviction relief, stripping petitioner of his right to appeal. Petitioner states that he is raising two grounds for habeas relief, but both grounds state the same claim for ineffective assistance of trial counsel. Petitioner represents that he did not raise the issue in any state postconviction proceedings, but he did file a *Knight* petition on October 16, 2014. *See State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). The court of appeals denied the petition as untimely on December 30, 2014, and the Wisconsin Supreme Court denied petitioner's petition for review on April 16, 2015.

ANALYSIS

Petitioner must address two procedural issues before I can consider the merits of his petition. First, the petition does not appear to be timely. In fact, petitioner "acknowledges that the one year statute of limitations . . . has expired." Dkt. 1, at 13. Under 28 U.S.C. § 2244(d), a petitioner has one year to petition a federal court for a writ of habeas corpus. The one-year limitations period begins to run from the latest of: (1) the date on which

judgment in the state case becomes final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition is removed; (3) the date on which the constitutional right asserted is first recognized by the Supreme Court, if that right is also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could be discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Petitioner's one-year limitations period likely began running on the date his state court judgment became final. 28 U.S.C. § 2254(d)(1)(A). The Circuit Court for St. Croix County entered judgment on October 25, 1999. Petitioner was required to file and serve a notice of intent to pursue postconviction or postdisposition relief within 20 days. Wis. Stat. § 809.30(2)(b); *see also State v. Nickel*, 2010 WI App 161, ¶ 5, 330 Wis. 2d 750, 794 N.W.2d 765 ("Nickel's deadline for pursuing a direct appeal expired twenty days after his sentencing when he failed to file a notice of intent to pursue postconviction relief[.]"). When petitioner did not appeal, his state court judgment became final on November 15, 1999. *Id.* ("[J]udgment of conviction became final when he did not challenge the conviction or the sentence within the deadlines for doing so."). Accordingly, petitioner's one year expired on November 15, 2000, well before he filed his petition here.

But this fact may not be fatal to the petition. Under *Holland v. Florida*, a petitioner is entitled to equitable tolling if he shows that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. 560 U.S. 631, 649 (2010). Here, petitioner states that the fact that he is claiming ineffective assistance of trial counsel is, in and of itself, reason enough to equitably toll the statute of limitations; to not address petitioner's claim would be a "miscarriage of justice." But

3

petitioner has not offered any reason to conclude that he has been diligently pursuing his rights or that an extraordinary circumstance stood in his way. I will dismiss his petition as untimely unless he can establish that I should use one of the alternative dates set forth in subsections (B) through (D) above as the start of his one-year limitations period, or unless he can make a better case for equitable tolling. At this point, I am skeptical that I will be able to address the petition.

One other option is available to petitioner: petitioner may be able to overcome the one-year time limit by arguing for an equitable exception based on a claim of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). To qualify for this narrow exception, petitioner must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Petitioner must show "that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). To be "new," the evidence does not need to be "newly discovered," but it must not have been presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015). Based on the materials that petitioner has submitted so far, I am skeptical that he will qualify for this equitable exception.

Petitioner faces yet another barrier: he does not appear to have exhausted his state court remedies. Exhaustion requires a habeas petitioner to fully and fairly present his claims to the state courts so that they have a meaningful opportunity to consider the substance of those claims and to correct any mistakes. *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013).

4

To "fairly present" a federal claim, a habeas petitioner must "assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir.), *cert. denied sub nom.*, *Richardson v. Pfister*, 135 S. Ct. 380 (2014). This "requirement means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* A habeas petitioner who misses an opportunity to properly present a claim in state court commits a procedural default that may forfeit federal review of that claim. *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009) (citing *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007)); *see also Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) ("If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted.").

Petitioner filed a state habeas petition in late 2014. At this point, I do not know whether he raised an ineffective assistance of trial counsel claim at that time; neither the petition nor the court of appeals decision is publicly available. Petitioner will have to clarify the nature of his 2014 state habeas petition when he responds to this order. If he did not raise an ineffective assistance of trial counsel claim at that time, he has not exhausted the claim. "[T]he exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim[.]" *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). If petitioner has not yet presented his claim for ineffective assistance of trial counsel to the state courts, he might still have the opportunity to do so in the form of a state habeas petition.

But it is also entirely possible—and probably more likely—that if petitioner did not present his claim in his 2014 state habeas petition, he has procedurally defaulted. When a

5

petitioner has procedurally defaulted his claims, federal habeas review is available only if he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause" for the default means "that some objective factor" prevented compliance with the state's procedural rules. *Id.* at 753. "Prejudice" means that the alleged violations "worked to [the petitioner's] *actual* and substantial disadvantage," which infected his entire proceeding with "error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (original emphasis). A fundamental miscarriage of justice occurs when the petitioner presents evidence showing that he is "actually innocent" of the charges against him or the punishment imposed. *See, e.g., Dretke v. Haley*, 541 U.S. 386, 393 (2004).

      I will give petitioner a short time to respond to the two issues that I have identified. To overcome the timeliness issue, petitioner must provide any information that he has to show that: (1) the petition is timely under § 2244(d); (2) he qualifies for equitable tolling; or (3) I should excuse him from the one-year limitations period because he is actually innocent. As for the exhaustion/procedural default issue, petitioner must identify: (1) whether he raised a claim for ineffective assistance of trial counsel in his 2014 state habeas petition; and, if he did not, (2) whether he has the opportunity to do so now or whether that option is no longer viable. If petitioner has procedurally defaulted his claim, he will need to tell me: (1) what reason he may have for failing to properly present his defaulted claim to the state courts and what prejudice he will suffer as a result of his failure to properly raise these claims; or (2) whether a failure to review his claim will constitute a fundamental miscarriage of justice because he is actually innocent of the charges. If petitioner fails to show that his petition is

timely *and* that I can overlook his exhaustion/procedural default problems, I must dismiss his petition.

ORDER

IT IS ORDERED that:

1. Petitioner Roger Allen Cose may have until June 1, 2016, to file a response addressing the timeliness and exhaustion/procedural default issues that I have identified in this order:

    a. Petitioner must demonstrate that his petition is timely or that he qualifies for an exception to the one-year limitations period.

    b. Petitioner must demonstrate whether: (1) he has exhausted his claim; (2) he has not exhausted his claim but has the opportunity to do so now; or (3) he has not exhausted his claim and no longer has the opportunity to do so, i.e., it has procedurally defaulted. If petitioner has procedurally defaulted his claim, he will need to demonstrate why the court should entertain his petition.

2. If petitioner fails to timely respond, I will dismiss his petition.

Entered May 11, 2016.

                                                        BY THE COURT:

                                                        /s/

                                                        _____
                                                        JAMES D. PETERSON
                                                        District Judge