IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER ALLEN COSE,

                         Petitioner,                                ORDER

    v.

                                                                   15-cv-381-jdp

REED A. RICHARDSON,

                         Respondent.

---

      Pro se petitioner Roger Allen Cose is a prisoner in the custody of the Wisconsin Department of Corrections currently housed at the Stanley Correctional Institution. On May 11, 2016, after considering petitioner's § 2254 petition, I concluded that the petition appeared to be untimely and that petitioner had most likely procedurally defaulted on the claim that he intends to bring here. Dkt. 2. I gave petitioner an opportunity to explain why I should not dismiss his petition, and I specifically instructed petitioner to address: (1) the timeliness of his petition; and (2) whether he exhausted his state court remedies and/or procedurally defaulted on his claim. Petitioner has responded. Dkt. 3. Because petitioner has not demonstrated that the petition is timely or otherwise exempt from the one-year limitations period, I will dismiss the petition.

      As discussed in my previous order, petitioner's state court judgment became final on November 15, 1999, and petitioner's one-year limitations period expired on November 15, 2000. Dkt. 2, at 3. Petitioner appears to concede that he filed his petition after the limitations period, because he contends that he qualifies for an *exception* to the one-year limitations period, namely, equitable tolling. As I discussed in my previous order, under *Holland v. Florida*, a petitioner is entitled to equitable tolling if he shows that: (1) he has been

pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. 560 U.S. 631, 649 (2010). But petitioner does not explain how he has been diligent or how an extraordinary circumstance stood in his way. Rather, petitioner spends a great deal of time arguing the merits of his ineffective assistance of counsel claim; he ultimately argues that because he did not have an appellate attorney, deadlines for filing post-conviction petitions should not apply to him. Petitioner contends that his "time should be tolled due to the fact that trial counsel's failure to file Cose's Notice of Intent to pursue post-conviction relief was never filed even after Cose instructed the attorney to do so[.]" Dkt. 3, at 5. But this argument does not satisfy either prong of the *Holland* test.

Petitioner summarily states that he has diligently pursued his rights and that his attorney's failure to file a notice of appeal prohibited him from filing a timely § 2254 petition with this court. Petitioner represents that he made some attempts to pursue his rights by "checking" on his appeal in 2000, by attempting to contact his attorney in 2002, and by asking the state court to order his attorney to turn over his case file in 2002. By 2006, petitioner "assum[ed] that all rights for his appeal were lost[.]" *Id.* at 7. These efforts are not sufficient to demonstrate reasonable diligence, and they certainly do not explain why petitioner waited until 2015 to file his petition with this court. And even assuming that petitioner has diligently pursued his rights and that counsel was ineffective when he did not file a timely notice of appeal, petitioner has not explained how ineffective assistance of counsel prevented him from filing a timely petition here. His attorney may have prevented him from filing a timely direct appeal in state court, but nothing prevented petitioner from checking on that appeal or from challenging his attorney's conduct in the form of a petition for post-conviction relief (either in state court or here).

2

Petitioner has not demonstrated that equitable tolling—or any other way around the one-year limitations period—is appropriate in this case, and so I will dismiss his petition as untimely. I need not address whether petitioner exhausted his claims in state court.

ORDER

IT IS ORDERED that:

1. Petitioner Roger Allen Cose's petition is DISMISSED.
2. The clerk of court is directed to close this case.

Entered June 7, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge